SHANLEY, Respondent, vs. MONARCH COFFEE COMPANY, Appellant.

*November 14—December 11, 1923.*

*Automobiles: Collision with pedestrian: Contributory negligence: Question for jury.*

1. The only testimony in an action for injuries caused by a collision with defendant's automobile being that of the plaintiff that she was struck immediately after stepping off the curbing and that she looked north and east before attempting to cross the street, and that of the driver of the automobile that plaintiff was near the center of the street when the accident happened, that the car was going at a rate of ten miles an hour when it skidded across the street and struck plaintiff, and that he could not prevent the collision, it is *held* that there was evidence from which the jury might have found contributory negligence on the part of plaintiff.   p. 233.
2. On conflicting testimony the question of contributory negligence is peculiarly one for the jury.   p. 233.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Plaintiff was struck by an automobile driven by a servant of defendant. The accident occurred about 6 o'clock in the evening at the intersection of Eleventh avenue and Walker street in the city of Milwaukee. As plaintiff was crossing Walker street she was struck by the car as it turned from Eleventh avenue into Walker street. There was evidence that it was rather dark and rainy and that plaintiff was carrying an umbrella.

The answers of the jury were as follows:

"Did the defendant's driver fail to exercise ordinary care in operating his automobile at or immediately prior to the happening of the collision? Yes.

"Was such failure on the driver's part to exercise ordinary care a proximate cause of plaintiff's injury? Yes.

"Was the collision due to an unavoidable accident? No.

"What sum will reasonably compensate the plaintiff for the injuries which she sustained? $2,000."

The plaintiff testified that when she arrived at the intersection she looked to the east and the north, saw nothing coming, heard no warning, stepped off the curb a step and a half, and was then struck and thrown to the pavement.

The defendant's driver testified that he was proceeding south on Eleventh avenue and turned into Walker street to the right of the intersection; that as he turned, his rear wheels stayed in the car tracks; that he gave the car more gas; and that when the wheels left the car tracks he applied the brakes and the slippery pavement caused the car to skid to the other side of the street and strike plaintiff, whom he first saw when he was about eight feet distant from her. There was no other testimony as to how the accident occurred.

At the close of the testimony defendant's counsel requested that the following question be submitted to the jury: "Was there any want of ordinary care on the part of plaintiff that proximately caused her injury?" The request was refused and exception was taken to such refusal.

The cause was submitted for the appellant on the brief of *J. Elmer Lehr*, attorney, and *Churchill, Bennett & Churchill* and *William Churchill*, of counsel, all of Milwaukee, and for the respondent on that of *C. A. Hansen* and *Roehr & Steinmetz*, all of Milwaukee.

JONES, J. Appellant's counsel urge three assignments of error: (1) that judgment should have been directed for defendant; (2) that the question of contributory negligence should have been submitted to the jury; (3) that the damages were excessive. We shall discuss only the second assignment.

The evidence presented to the court and jury two widely different theories. It was contended by plaintiff's counsel that immediately after she had stepped from the north curbing of Walker street and Eleventh avenue she was struck by a swiftly driven car which had cut the corner.

Shanley v. Monarch Coffee Co. 182 Wis. 231.

It was the testimony of defendant's witness, the driver of the car, that when the accident happened the plaintiff was considerably nearer the center of Walker street; that the car was going at the rate of ten miles an hour when it skidded as detailed in the statement of facts, and the driver could not prevent the collision.

It is argued by appellant's counsel that since plaintiff testified that she looked only to the north and east she was negligent; that even if the car cut the corner she could have seen it in time to avoid the accident by looking to the north; that if the car took the direction claimed by defendant she could have seen and avoided the accident by looking to the south.

If the question had been submitted there was evidence from which the jury might have found contributory negligence on the part of plaintiff. It is true they might have disbelieved the testimony of defendant's witness and the result might have been the same, but the subject of his credibility was quite as much within their province as the credibility of the plaintiff.

It is unnecessary to cite the many decisions of this court which hold that where the testimony is conflicting the question of contributory negligence is peculiarly a question for the jury.

We must hold that the refusal to submit the question proposed was prejudicial error.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.